Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Nathan S. Seim (Utah State Bar No. 12654)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
       thomson.michael@dorsey.com
       seim.nathan@dorsey.com

*Proposed Attorneys for Peggy Hunt, Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | **Bankr. Case No. 13-21756** |
|---|---|
| TROY T. FINN, | Chapter 7 |
| Debtor. | The Honorable Joel T. Marker |

## MOTION TO APPROVE PUBLIC SALE OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 363(b) AND (f) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004

Peggy Hunt, the duly appointed Chapter 7 trustee (the "Trustee") in the above-captioned case of Troy T. Finn (the "Debtor"), hereby moves this Court for entry of an Order approving the public sale of certain personal property of the estate pursuant to 11 U.S.C. § 363(b) and (f), Federal Rule of Bankruptcy Procedure 6004, and Local Rule 6005-1.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1391, 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

*General*

2. On February 26, 2013, the Debtor filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code.

3. The Trustee was appointed as the Chapter 7 Trustee and serves as the permanent trustee in this case.

*The Proposed Sale of the Property*

4. Through her investigation of the estate, the Trustee has determined that a 2000 Polaris Scrambler 400 ATV - VIN# 4XABA38C2YB092919, a 2006 Suzuki QuadRacer 450 ATV - VIN# JSAAL41A962106013, and a 2009 Coolster 3050C ATV - VIN# L6ZSCHLAX91012397 (together the "Property") are assets of the estate. In the Trustee's business judgment, the Property should be sold at public auction.

5. Statewide Auction Company (the "Auctioneer"), a standing auctioneer of this Court pursuant to Federal Rule of Bankruptcy Procedure 6005 and Local Rule 6005-1, has appraised the Property for the Trustee, and the Trustee proposes that the Auctioneer be authorized to conduct the sale. To the best of the Trustee's knowledge, the Auctioneer (a) has no connection with the Trustee or any employees of the Trustee's firm; (b) does not hold or represent an interest adverse to the Debtor's estate; and (c) is a disinterested person as that term is defined in 11 U.S.C. § 101. The Auctioneer is an experienced, active and licensed

auctioneering firm that maintains appropriate insurance policies and has posted a bond with the Office of the United States Trustee. As is usual and customary, the Auctioneer will be paid a commission from the gross sale proceeds, which it will deduct from such proceeds prior to its remittance of the net sale proceeds to the Trustee for the benefit of the estate.

6. The Auctioneer will appropriately market the Property in a manner that takes into account the nature of the Property so as to maximize its value for the estate.

7. At the conclusion of the auction, the Auctioneer will remit the net sale proceeds to the Trustee, as well as provide to the Trustee a report as required under Federal Rule of Bankruptcy Procedure 6004(f).

8. In her business judgment, the Trustee believes that a public auction of the Property is the best way to (a) economically market and sell the Property to maximize its value for the benefit of creditors and the estate; (b) produce a good faith purchaser; and (c) minimize costs to the estate.

## RELIEF REQUESTED

9. By this Motion, the Trustee seeks entry of an Order of this Court authorizing the public sale of the Property pursuant to 11 U.S.C. § 363(b) and (f), Federal Rule of Bankruptcy Procedure 6004, and Local Rule 6005-1.

10. Furthermore, in the event that no objections are filed to this Motion and the Court grants this Motion, the Trustee requests that the 14-day stay of the Court's Order set forth in Federal Rule of Bankruptcy Procedure 6004(h) be waived to allow the Trustee to most efficiently and effectively maximize the value of the estate. This waiver is necessary in this case inasmuch as the Auctioneer is holding the Property for the Trustee at no cost.

**APPLICABLE AUTHORITY**

*Legal Standard*

11. The Bankruptcy Code provides that the "trustee, after notice and a hearing, may use, sell, lease, other than in the ordinary course of business, property of the estate."[1]

12. In order to approve a sale of a debtor's assets outside the ordinary course of business, the trustee must show that:

    a. a sound business reason exists for the sale;

    b. there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer;

    c. the sale price is fair and reasonable; and

    d. the proposed buyer is proceeding in good faith.[2]

13. The Trustee has met all four parts of this test, and accordingly, she respectfully requests that the Court grant the relief requested in this Motion by authorizing the proposed sale of the Property.

*Sound Business Purpose*

14. Courts show great deference to a trustee's decisions.[3]

15. As stated above, the Trustee has made an independent business decision based on her experience, knowledge of the case, and evaluation of the Property that a public sale of the Property is the best way to (a) economically market and sell the Property so as to

---

[1] 11 U.S.C. § 363(b)(l).

[2] *See In re Med. Software Solutions,* 286 B.R. 431, 439-40 (Bankr. D. Utah 2002).

[3] *See, e.g., Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981).

maximize its value for the benefit of creditors and the estate; (b) produce a good faith purchaser; and (c) reduce costs and time that would normally be associated with selling the Property through a private sale.

*Notice of the Proposed Sale Is Appropriate*

16. The Trustee submits that adequate and reasonable notice of the proposed sale will be made to all interested parties.[4]

17. Upon the filing of this Motion, a Notice of Hearing will be served on (a) all creditors and parties-in-interest; (b) all parties who have requested electronic notice in this case; and (c) the Office of the United States Trustee. The Notice of Hearing will provide, among other things, notice of the hearing on this Motion and a general description of the Property. Furthermore, once approved, the public auction will be appropriately marketed by the Auctioneer. These notice procedures are fair, reasonable, and afford notice as required under 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 6004.

*Fair and Reasonable Price*

18. In her business judgment, the Trustee believes that the sale price of the Property will be fair and reasonable and will obtain the highest and best price for the sale of the Property. The public auction will be held after appropriate marketing and will create a competitive bidding process that guarantees the Property is sold to the highest and best bidder. This process ensures that the estate will obtain a purchase price that is fair and reasonable.

---

[4] The Debtor's relationship with the buyer is not relevant in this case. The sale will be conducted by a disinterested third party employed by the Trustee, with the approval of the Court, on behalf of the estate.

*Good Faith Purchaser*

19. The Trustee believes that the auction process ensures the Property will be sold to a good faith purchaser.

20. Although the Bankruptcy Code does not define "good faith," the Tenth Circuit has determined in the context of 11 U.S.C. § 363(m) that a "good faith" purchaser is "one that buys in good faith, and for value."[5] Actions that destroy a purchaser's good faith include "fraud, collusion between the purchaser and other bidders or trustee, or an attempt to take grossly unfair advantage of other bidders."[6]

21. Here, the Trustee plans to engage the Auctioneer, a disinterested and Court-approved standing auctioneering firm, to sell the Property at a public sale pursuant to terms that are fully disclosed to the Court and parties in interest. The auction process will solicit open, competitive bidding after full notice, and the Auctioneer will be required to provide the accountings to the Trustee and the Office of the United States Trustee. These procedures will make certain that the Property is sold to good faith purchasers for a fair and reasonable value.

## **CONCLUSION**

WHEREFORE, for all of the reasons set forth above, the Trustee respectfully requests that the Court enter an Order granting this Motion and authorizing the Trustee's public sale of the Property for the benefit of the estate pursuant to 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure 6004, and Local Rule 6005-1. Furthermore, in the event that

---

[5] *Tompkins v. Frey (In reBel Air Assocs., Ltd.),* 706 F.2d 301, 304 (l0th Cir. 1983).

[6] *Id.* at 305 n.11 (citation omitted); *see also In re Lotspeich,* 328 B.R. 209 (l0th Cir. BAP 2005).

no objections are filed to this Motion and the Court grants the Motion, the Trustee requests that the 14-day stay of the Court's Order set forth in Federal Rule of Bankruptcy Procedure 6004(h) be waived to allow the Trustee to most efficiently and effectively maximize the value of the estate.

DATED this 17th day of April, 2013.

> DORSEY & WHITNEY LLP
>
> */s/ Peggy Hunt*
> Peggy Hunt
> *Proposed Attorneys for Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2013, I electronically filed the foregoing **MOTION TO APPROVE PUBLIC SALE OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 363(b) AND (f) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF uses and will be served through the CM/ECF system.

- Russell G. Evans    jeff@rulontburton.com, russ@rulontburton.com;ffej65@gmail.com
- Mary M. Hunt tr    hunttrustee@7trustee.net, hunt.peggy@dorsey.com;UT18@ecfcbis.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

                                                */s/ Moana DiFrancesco*